IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| CLARISSA NAVARRO, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>RECEIVABLES MANAGEMENT PARTNERS, )<br>LLC d/b/a RMP SERVICES LLC, )<br>)<br>    Defendant. )<br>_____ ) | Civil Action File No.<br>0:22-cv-60387-WPD |

### DEFENDANT'S ANSWER

COMES NOW, Receivables Management Partners, LLC, Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

## FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## JURISDICTION AND VENUE

1. The allegations contained in Paragraph 1 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.

2. The allegations contained in Paragraph 2 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent that any response is required; denied.

3. The allegations contained in Paragraph 3 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent that any response is required; denied.

4. The allegations contained in Paragraph 4 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond.  To the extent that any response is required; denied.

## PARTIES

5. Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

**DEMAND FOR JURY TRIAL**

7. Defendant denies, to the extent it can, the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

**FACTUAL ALLEGATIONS**

8. Defendant admits that Plaintiff attempted to collect an unpaid account from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant admits that it is in the business of collecting unpaid accounts. The remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

12. Defendant admits that it is in the business of collecting unpaid accounts. The remaining allegations contained in Paragraph 12 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

13. Defendant admits the allegations contained in Paragraph 13 of the Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. Defendant admits the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. Defendant admits the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. Defendant admits that Plaintiff attempted to collect an unpaid account from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant admits placing a telephone call on Plaintiff's account on December 2, 2021. Defendant denies the remaining allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. Defendant admits placing a telephone call on Plaintiff's account on January 7, 2022. Defendant denies the remaining allegations contained in Paragraph 23 of the Plaintiff's Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

## COUNT 1
## VIOLATION OF 15 U.S.C. § 1692c(c)

25. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

26. Defendant admits placing telephone calls on Plaintiff's account on December 2, 2021 and January 7, 2022.  Defendant denies the remaining allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant denies all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 28th day of February 2022.

**BEDARD LAW GROUP, P.C.**

/s/ Jonathan K. Aust
Jonathan K. Aust
Florida Bar No. 1033458
*Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

| | |
|---|---|
| CLARISSA NAVARRO,           )<br>                             )<br>       Plaintiff,           )<br>                             )<br>vs.                          )<br>                             )<br>RECEIVABLES MANAGEMENT PARTNERS, )<br>LLC d/b/a RMP SERVICES LLC, )<br>                             )<br>       Defendant.           )<br>_____) | Civil Action File No.<br>0:22-cv-60387-WPD |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed Defendant's Answer with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Thomas J. Patti                            Jibrael S. Hindi
tom@jibraellaw.com                         jibrael@jibraellaw.com

Respectfully submitted this 28th day of February 2022.

                                         **BEDARD LAW GROUP, P.C.**

                                         /s/ Jonathan K. Aust
                                         Jonathan K. Aust
                                         Florida Bar No. 1033458
                                         *Counsel for Defendant*

4855 River Green Parkway
Suite 310
Duluth, Georgia 30096
Telephone: (678) 253-1871
jaust@bedlawgroup.com