UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:22-cv-60387-WPD

CLARISSA NAVARRO,
*individually and on behalf of all others similarly situated,*

    **Plaintiff,**

v.

RECEIVABLES MANAGEMENT PARTNERS LLC
d/b/a RMP SERVICES LLC,

    **Defendant.**
_____/

## AMENDED CLASS ACTION COMPLAINT

Plaintiff Clarissa Navarro ("Plaintiff") sues Defendant Receivables Management Partners LLC d/b/a RMP Services LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA").

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2. Venue in this District is proper because Plaintiff resides here, Defendants transact business here, and the complained conduct of Defendants occurred here.

## PARTIES

3. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4. Defendant is a Delaware limited liability company with its principal place of business located in Indianapolis, Indianan.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **DEMAND FOR JURY TRIAL**

5. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## **FACTUAL ALLEGATIONS**

6. On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

7. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

8. The Subject Service was primarily for personal, family, or household purposes.

9. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

10. Defendant is a business entity engaged in the business of collecting consumer debts.

11. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

12. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

13. Defendant's "Consumer Collection Agency" license number is CCA990297.

14. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

15. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

PAGE | **2** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

16. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

17. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

18. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

19. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

20. On December 1, 2021, Defendant called Plaintiff in an attempt to collect the Consumer Debt (the "Collection Call").

21. During and otherwise as part of the Collection Call, Plaintiff explicitly told Defendant to "stop calling.

22. On January 08, 2022, after Plaintiff had explicitly told Defendant to "stop calling" Plaintiff, Defendant called Plaintiff in an attempt to collect the Consumer Debt (the "Second Collection Call").

## CLASS ALLEGATIONS

### PROPOSED CLASS

23. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually, and on behalf of all other similarly situated persons as a class action pursuant to Florida Rule of Civil Procedure 1.220(b)(2) and (b)(3). The "Class" that Plaintiff seeks to represent is comprised of a single class, *to wit*, the "Stop Calling" Class.

24. The "**Stop Calling Class**" consists of: [1] all persons with Florida addresses [2] that Defendant, or someone on Defendant's behalf [3] attempted to collect a debt from [4] after

the consumer told Defendant to "stop calling" or otherwise stop contacting the consumer [3] during the twelve (12) months preceding the filing of this Complaint.

25. Defendant and its employees or agents are excluded from the Class.

26. Plaintiff does not know the number of members in the Class but believes the number of Class members to be several hundred or more.

### NUMEROSITY

27. Upon information and belief, Defendant has placed hundreds, if not thousands, of calls to consumers after the consumer told Defendant to *stop calling*. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

28. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### COMMON QUESTIONS OF LAW AND FACT

29. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant attempted to collect a debt from a consumer after the consumer asked that Defendant "stop calling"; [2] Whether Defendant is a debt collector; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

30. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely calls consumers in an attempt to collect a debt after the

consumer asks that Defendant "stop calling" is accurate, Plaintiff and members of the Class will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

31. Plaintiff's claims are typical of the claims of the members of the Class, as they are all based on the same factual and legal theories.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

32. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

33. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Class are potentially in the millions of dollars, albeit limited to $500,000 or 1% of Defendant's net worth, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Class prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

34. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another

PAGE | **5** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT 1
## <u>VIOLATION OF 15 U.S.C. § 1692d</u>

35. Plaintiff, individually and on behalf of the Stop Calling Class, incorporates by reference ¶¶ 6-34 of this Complaint.

36. Section 1692d of the FDCPA provides that, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d.

37. The Bureau of Consumer Financial Protection the administrative agency authorized to exercise its authorities under Federal consumer financial law to administer, enforce, and otherwise implement the provisions of Federal consumer financial law. *See* 12 U.S.C. § 5512; 15 U.S.C. § 1692l(d); *see also* 12 C.F.R. § 1006.1(a).

38. On November 30, 2020, the CFPB issued their final rule to revise Regulation F ("Reg F") of which contains, among other things, the CFPB's most recent interpretation of the FDCPA. Reg F addresses, among other things, communications in connection with debt collection and prohibitions on harassment or abuse, false or misleading representations, and unfair practices in debt collection. *See generally* 85 FR 76734.

39. With respect to the purpose of Reg F, it is stated "[Reg F] carries out the purposes of the FDCPA, which include eliminating abusive debt collection practices by debt collectors, ensuring that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and promoting consistent State action to protect consumers against debt collection abuses. 12 C.F.R. § 1006.1 (b)

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

40. Pursuant to § 1006.14(a) of Reg F, "[a] debt collector must not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt, including, but not limited to, the conduct described in paragraphs (b) through (h) of this section." *See* 12 C.F.R. § 1006.14(a).

41. Section 1006.14(h) provides that, "[i]n connection with the collection of any debt, a debt collector must not communicate or attempt to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person." 12 C.F.R. § 1006.14(h)(1).

42. Within the CFPB's final rule with respect to the revision of Reg F, *see generally* 85 FR 76734, the CFPB stated, in relevant part, that:

> As part of this final rule, however, the Bureau also is finalizing § 1006.14(h)(1), which prohibits a debt collector from communicating or attempting to communicate with a person through a medium of communication if the person has requested that the debt collector not use that medium to communicate with the person. **Therefore, even if a consumer does not notify a debt collector in writing that the consumer refuses to pay a debt or wishes the debt collector to cease further communication with the consumer as required under § 1006.6(c)(1), the consumer's oral request that the debt collector "stop calling," for example, would constitute a request that the debt collector not use that medium of communication (*e.g.*, telephone calls) to communicate with the consumer, and, consistent with § 1006.14(h)(1), the debt collector would thereafter be prohibited from placing telephone calls to the consumer**.

85 FR 76734, 76772 (emphasis added).

43. Here, Plaintiff explicitly told Defendant to "stop calling" Plaintiff on December 01, 2022, during and, otherwise as part of, the Collection Call. Despite Plaintiff telling Defendant to "stop calling," however, Defendant called Plaintiff on January 07, 2022, in an attempt to collect the Consumer Debt.

PAGE | **7** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

44. Under § 1006.14(h)(1) of Reg F, calling a consumer in an attempt to collect a debt after the consumer has asked that the debt collector "stop calling" violates § 1692d of the FDCPA as "conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *See* 15 U.S.C. § 1692h; 12 C.F.R. § 1006.14(h)(1); *see also* 85 FR 76734, 76772.

45. Thus, by and through the Second Collection Call, Defendant violated § 1692h of the FDCPA because Plaintiff had previously told Defendant to "stop calling."

46. WHEREFORE, Plaintiff, individually and on behalf of the Stop Calling Class, requests this Court to enter a judgment against Defendant, awarding Plaintiff and the Stop Calling Class the following relief: [1]statutory and actual damages as provided by 15 U.S.C. § 1692k; [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k; and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: March 11, 2022

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:      855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **8** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 11, 2022, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377

PAGE | **9** of **9**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com